■ DAVID SOEIRO, Respondent, v BRADLEY BREWER, Appellant. [655 NYS2d 478] —Judgment, Supreme Court, New York County (Joan Madden, J., and a jury), entered April 18, 1996, awarding plaintiff damages of $60,000 plus interest, unanimously affirmed, with costs.

In this dispute between two lawyers, where defendant hired plaintiff to work on a case in which defendant was retained by the client on a contingency fee basis, with payment for plaintiff's services to be deferred until defendant himself recovered a fee, ample evidence exists to support the jury's finding of an express agreement between the parties calling for

plaintiff to devote as much time to the case as he could afford and to be paid on the basis of the reasonable value of his services. Thus, plaintiff's resignation from the case before its completion had no effect on his entitlement to a fee for his services. Plaintiff's promise to forgo present compensation while performing services for defendant is not so insubstantial or illusory as to be no consideration for defendant's promise of possible payment in the future. Further, defendant's reliance upon the principles that an attorney who resigns from a case without cause forfeits a fee, or who resigns from a case with cause is limited to a recovery in quantum meruit, is misplaced, since the relationship between the parties here was not that of attorney-client (*see, A. Stanley Proner, P. C. v Julien & Schlesinger*, 134 AD2d 182, 184-185). Nor will defendant be heard to argue on appeal that plaintiff's claim is barred by the Statute of Limitations, since he failed to perfect his appeal from the intermediate order dated August 28, 1995 denying his motion to amend his answer to assert that defense, and the appeal was dismissed (*see, Isaac Rare Coins v Atlantic Discount Brokerage*, 196 AD2d 643, *lv denied* 82 NY2d 663; *Montalvo v Nel Taxi Corp.*, 114 AD2d 494, *lv denied and dismissed* 68 NY2d 643). In any event, the court properly denied defendant's motion to amend his answer to assert the Statute of Limitations, where the motion was made after the conclusion of a separate, three-day nonjury trial on all affirmative defenses and counterclaims, and defendant had numerous opportunities to assert such defense during the preceding four years. Moreover, the proposed defense lacks merit as a matter of law, since plaintiff's cause of action for breach of contract did not accrue until defendant received the fee from the client and then refused plaintiff's demands for payment. We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Tom and Andrias, JJ.