■ MORRIS J. EISEN, Respondent, v MORTON FEDER, Appellant, et al., Defendants. [763 NYS2d 279] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about November 7, 2002, which, in an action by a disbarred attorney to recover a share of the legal fees earned in cases he referred to defendant-appellant prior to his disbarment on January 23, 1992, insofar as appealed from as limited by the briefs, denied appellant's motion to dismiss the complaint as time-barred, unanimously modified, on the law, to limit any fee-sharing recovery to cases that were disposed of prior to January 23, 1992, and, with respect to any quantum meruit claims that plaintiff may have for his own services rendered in cases that were still pending on January 23, 1992, to hold that such claims are subject to a six-year limitations period measured from the dates particular cases were or are disposed of, and otherwise affirmed, without costs.

Plaintiff alleges that prior to his disbarment on January 23, 1992, he referred certain cases to appellant, and that appellant "agreed to pay plaintiff a percentage of the legal and/or settlement fees earned as remuneration for plaintiff's uncompensated work, labor and services performed in connection with said cases." As relevant, the order appealed reinstated causes of ac-

tion for breach of contract and an accounting against Morton Feder and Morton Feder, P.C., and it reinstated causes of action for unjust enrichment and on a charging lien against all of the defendants. The court found that all of plaintiff's claims accrued when defendants received fees for the referral cases and refused demands for payment. However, the IAS court did not limit plaintiff to recovery for work performed prior to his disbarment. This was in error.

While plaintiff may be compensated on a quantum meruit basis for legal services and disbursements he himself rendered and incurred before the date of his disbarment, he may not share in any fee for legal services performed by another attorney after that date (22 NYCRR 603.13 [b]). Thus, plaintiff has no cause of action for a share of a fee attributable to services performed by other attorneys after his disbarment.

However, given no other challenges to the motion court's conclusions concerning the viability of plaintiff's claims, plaintiff may be able to share in the fees earned in cases that were disposed of by other attorneys before January 23, 1992. To the extent that there remained pending after the disbarment cases on which plaintiff had performed services prior to his disbarment, we hold that the six-year statute of limitations (CPLR 213 [2]) for any quantum meruit recovery would not begin to run until such cases were or are disposed of. Concur— Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.