GARY J. ROTHMAN, Respondent, v BENEDICT P. MORELLI & ASSOCIATES, P.C. (Predecessor to MORELLI RATNER PC) et al., Appellants. [843 NYS2d 211]—

Order, Supreme Court, New York County (Karen Smith, J.), entered March 2, 2006, which, insofar as appealed from, denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff seeks to recover damages against defendants for breach of contract and unjust enrichment in connection with a series of six client referral agreements that were entered into prior to his resignation and disbarment from the New York State bar. As consideration for referrals, services performed, or services to be rendered in the future, the agreements set plaintiff's compensation at a range of $33^1/_3\%$ to 42% of the net fees earned by defendant Morelli and/or his law firm. While claims underlying all six agreements resulted in actions being commenced in Kings and New York counties, only two actions are still pending; the remaining four were disposed of after plaintiff's disbarment.

Defendants' motion to dismiss the complaint should have been granted. "A disbarred, suspended or resigned attorney may not share in any fee for legal services performed by another attorney during the period of his removal from the bar" (Rules of App Div, 1st Dept [22 NYCRR] § 603.13 [b]). Since

plaintiff's disbarment occurred during the pendency of the six actions, he is barred from recovering on any of the referral agreements. Accordingly, his claim for breach of contract fails to state a cause of action (*Eisen v Feder*, 307 AD2d 817, 818 [2003]; *Lessoff v Berger*, 2 AD3d 127 [2003]).

As to plaintiff's unjust enrichment claim, while a disbarred attorney may be compensated on a quantum meruit basis for legal services personally rendered prior to disbarment, "[t]he amount and manner of payment of such compensation . . . shall be fixed by the court on the application of either the disbarred . . . . attorney or the new attorney, on notice to the other as well as on notice to the client" (22 NYCRR 603.13 [b]; *Eisen, supra*). In contravention of this court rule, there is no evidence that any of the clients were given the requisite notice of this application. Also in contravention of this rule, plaintiff combined all six applications into this single proceeding brought in New York County when, at least with respect to the two pending actions, separate applications should have been made "in the court wherein the action is pending." (22 NYCRR 603.13 [b].) Accordingly, plaintiff's unjust enrichment claim is also defective.

Nor does the complaint state a cause of action for a charging lien. As the referral agreements are unenforceable, plaintiff's reliance thereon for his entitlement to a charging lien is misplaced. In any event, a charging lien is available only to an attorney who has appeared, at some point, as attorney of record for a party (Judiciary Law § 475; *see Wahba v Parmar*, 1 AD3d 507, 508 [2003]); here, there is no allegation in the complaint that plaintiff appeared in any of the six actions. Accordingly, this cause of action should have been dismissed as well. Concur—Saxe, J.P., Williams, Buckley, Catterson and Malone, JJ.