■ MORRIS J. EISEN, Individually and as Successor in Interest to MORRIS J. EISEN, P.C., Respondent-Appellant, v MORTON FEDER, Appellant-Respondent, et al., Defendants. [850 NYS2d 412]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 23, 2006, awarding damages to plaintiff after trial in an action to recover a share of the legal fees earned in cases plaintiff referred to defendants prior to plaintiff's disbarment on January 23, 1992, and bringing up for review orders of the same court and Justice, entered on or about January 7, 2005 and May 18, 2006, which, insofar as challenged, (1) held that plaintiff's breach of contract claims were not time-

barred, (2) awarded damages against defendant Morton Feder individually, (3) declined to credit Feder for alleged setoffs, (4) failed to award breach of contract damages to plaintiff on certain of the referred cases, (5) refused to award damages against the individual defendants for cases that were resolved after September 11, 1989, and (6) computed interest on the breach of contract claims from the date of plaintiff's demand for payment, unanimously affirmed, with costs.

On a prior appeal, this Court held that plaintiff may recover on his breach of contract claims for cases he referred and which were disposed of prior to his disbarment on January 23, 1992, and on a quantum meruit basis, for cases on which he worked and were still pending at the time of his disbarment (see 307 AD2d 817 [2003]). The Court also determined that the breach of contract claims accrued when defendants received fees for the referred cases and refused demands for payment, and that the statute of limitations for any quantum meruit recovery began to run when such cases were disposed of (id.). In light of our prior decision, the trial court properly determined that plaintiff's breach of contract claims were not time-barred and were triggered upon plaintiff's letter demanding payment dated April 11, 1997 (Soeiro v Brewer, 237 AD2d 208, 209 [1997]). However, the court appropriately declined to award damages to plaintiff on a number of the referred cases where he failed to demonstrate sufficiently the payment of legal fees to defendants in those instances.

The award of damages against Feder individually for cases that plaintiff referred to him and resolved prior to September 11, 1989 was proper, where Feder offered testimony that his professional corporation terminated in the early 1980s and he practiced as an individual until September 11, 1989 at which time defendant Feder Connick & Goldstein, P.C. (FCG) formed. For cases resolved after the formation of FCG, the court appropriately declined to award damages against the individual defendants, because there was an inadequate showing that the individual defendants performed work on the subject cases or received any specific portion of the fees earned from the cases.

The trial court also properly declined to credit Feder for monies purportedly owed to him for cases he referred to plaintiff pursuant to their agreement. Feder failed to produce competent evidence demonstrating that he is entitled to a setoff for those cases.

The computation of interest on the breach of contract claims from April 11, 1997, the date that plaintiff demanded payment, was proper because it is the date that the claims accrued (CPLR

5001; *Eisen v Feder*, 307 AD2d at 818). Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ.