■ NANCY ROSE STORMER, P.C., Appellant, v COUNTY OF ONEIDA et al., Respondents. [886 NYS2d 298]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered December 24, 2008 in a breach of contract action. The order denied the motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is granted, and

It is further ordered that judgment be entered in favor of plaintiff and against defendants in the amount of $339,291.25, together with interest at the rate of 9% per annum, commencing April 9, 2006.

Memorandum: Plaintiff, a law firm, commenced this action alleging, inter alia, that defendants breached their 2005 and 2006 contracts with plaintiff pursuant to which plaintiff secured reimbursement for certain of defendants' Medicaid expenditures referred to as "620/621 claims." We agree with plaintiff that Supreme Court erred in denying its motion for summary judgment on the breach of contract cause of action inasmuch as it established its entitlement to judgment as a matter of law with respect thereto, and defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Contrary to the contention of defendants, we conclude that the contracts are unambiguous with respect to plaintiff's authority to negotiate a settlement on their behalf with the State of New York concerning the 620/621 claims. It is well settled that "[t]he interpretation of an unambiguous contractual provision is 'a function for the court' " (*Pyramid Brokerage Co. of Buffalo, Inc. v Atlas Auto Glass, Inc.*, 39 AD3d 1176, 1177 [2007], quoting *Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]), and "[t]he proper inquiry in determining whether a contract is ambiguous is 'whether the agreement on its face is reasonably susceptible of more than one interpretation' " (*Arrow Communication Labs. v Pico Prods.*, 206 AD2d 922, 922-923 [1994], quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). "To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] 'is the only construction which can fairly be placed thereon' " (*Jellinick v Naples & Assoc.*, 296 AD2d 75, 78-79 [2002]; *see Syracuse Orthopedic Specialists, P.C. v Hootnick*, 42 AD3d 890, 891 [2007]). Here, plaintiff met that burden. Pursuant to the plain wording of both contracts, plaintiff was to "[p]rovide all legal representation necessary to properly substantiate and administratively process such 620/621 claims . . . [and n]egotiate with any appropriate agencies and offices." The contracts further provided that defendants "shall pay [plaintiff] for such services at a rate of 25% [of defendants'] share of all recoveries, reimbursements or offsets received by [defendants]." We thus agree with plaintiff that the only reasonable interpretation of that language is that plaintiff was required to negotiate with the State of New York on defendants' behalf, and that defendants were required to pay plaintiff 25% of the amount that they received in the settlement of their 620/ 621 claims. We therefore reverse the order, grant the motion and direct that judgment be entered in favor of plaintiff and against defendants in the amount of $339,291.25, together with interest at the rate of 9% per annum, commencing April 9, 2006. Pursuant to the contracts, payment was due 15 days from the date on which plaintiff submitted its request for payment and, here, plaintiff submitted its request for payment on March 25, 2006 (*see* CPLR 5001 [b]; *see also Eisen v Feder*, 47 AD3d 595, 596-597 [2008]). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.