■ STEVEN COHN, Plaintiff, v TITAN DRILLING CORP., Defendant. (Action No. 1.) TITAN DRILLING CORP., Appellant, v STEVEN COHN, Respondent. (Action No. 2.) [913 NYS2d 726]—

In related actions, inter alia, to recover damages for breach of contract, Titan Drilling Corp., the plaintiff in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 17, 2009, as, upon reargument, vacated its prior determination in an order of the same court entered July 27, 2009, granting its

motion for summary judgment on the complaint in action No. 2, and thereupon denied that motion.

Ordered that the order dated December 17, 2009, is reversed insofar as appealed from, on the law, and, upon reargument, the determination in the order entered July 27, 2009, granting the plaintiff's motion for summary judgment on its complaint in action No. 2 is adhered to.

Contrary to the determination of the Supreme Court upon reargument, the defendant in action No. 2, Steven Cohn, failed to demonstrate that the original determination of the Supreme Court in an order entered July 17, 2009, was erroneous. Indeed, the record underlying that order reveals that the plaintiff in action No. 2, Titan Drilling Corp. (hereinafter Titan), demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was retained by Cohn to install a well at certain premises, that it performed the agreed-upon services in accordance with the terms and specifications set forth in the parties' written contract, and that the balance due for its services remained unpaid by Cohn (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d 759, 760 [2010]). In opposition, Cohn failed to raise a triable issue of fact, as his opposition papers attempted to introduce parol evidence concerning alleged additional terms of the contract even though the written contract was complete and unambiguous on its face (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Thomas v Scutt*, 127 NY 133, 138, 141 [1891]; *Eighmie v Taylor*, 98 NY 288, 297 [1885]; *Harris v Hallberg*, 36 AD3d 857, 859 [2007]; *Waters, Inc. v March*, 240 App Div 120, 125 [1934]).

Cohn's argument that certain parol evidence proved fraud in the inducement was improperly raised for the first time on reargument (*see V. Veeraswamy Realty v Yenom Corp.*, 71 AD3d 874 [2010]; *Pryor v Commonwealth Land Tit. Ins. Co.*, 17 AD3d 434, 435-436 [2005]; *Amato v Lord & Taylor, Inc.*, 10 AD3d 374, 375 [2004]). In any event, the alleged fraud was not pleaded with the requisite specificity under CPLR 3016 (b) (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492 [2008]; *Morales v AMS Mtge. Servs., Inc.*, 69 AD3d 691, 692 [2010]), and Cohn did not assert facts which made out all of the material elements of fraud distinct from his cause of action based on breach of the contract (*see Colasacco v Robert E. Lawrence Real Estate*, 68 AD3d 706, 708 [2009]; *J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 741-742 [2009]; *Harris v*

*Hallberg*, 36 AD3d at 859; *Couri v Westchester Country Club*, 186 AD2d 712, 714 [1992]).

Cohn's remaining contentions are without merit. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur.