■ SULE CABUKYUKSEL et al., Plaintiffs, v ASCOT PROPERTIES, LLC, Defendant. Matter of LASKIN LAW PC, Nonparty Respondent, v MARC E. VERZANI, Nonparty Appellant. [944 NYS2d 98]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 25, 2011, which granted nonparty Laskin Law P.C.'s petition to enforce an attorney's lien in the amount of $233,333.33, or one third of the settlement amount obtained by nonparty respondent Marc E. Verzani, and denied Verzani's cross motion to dismiss the petition, unanimously affirmed, with costs. Order, same court and Justice, entered December 13, 2011, which, denied Verzani's motion for renewal, and granted reargument, and upon reargument, adhered to the original determination, unanimously affirmed, without costs.

Plaintiff Eleni Papaioannou signed a retainer agreement with Laskin that reserved to Laskin her personal injury claims resulting from the collapse of a crane onto her apartment building while she was in the apartment. Thereafter, Laskin filed a notice of claim with the City of New York and did extensive work on the matter.

Soon after Eleni executed the retainer agreement with Laskin, her husband, plaintiff Demetrios Papaioannou, without her or Laskin's knowledge, engaged Verzani to handle claims against the Papaioannous' landlord, who had refused to restore the building and was attempting to evict the tenants. Verzani acknowledged in his engagement letter that his case would not involve Eleni's personal injury claims and that Eleni was represented by other counsel with regard to those claims. Nevertheless, on the eve of his settlement with the landlord, Verzani amended the complaint he filed to include claims for negligent and intentional emotional distress, which included Eleni's personal injury claims.

Verzani argues that Laskin is not entitled to an attorney's lien against the settlement funds because it was not the attorney of record on the matter commenced by him. We reject this argument.

It is true that Judiciary Law § 475 provides that a lien is had by "the attorney who appears for a party" (see Rothman v Benedict P. Morelli & Assoc., P.C., 43 AD3d 769, 770 [2007]). However, as a remedial statute, it must be construed liberally to further the Legislature's intent, "which was to furnish security to attorneys by giving them a lien upon the subject of the action" (Tunick v Shaw, 45 AD3d 145, 148 [2007], lv dismissed 10 NY3d 930 [2008] [internal quotation marks omitted]). "The lien is imposed on the client's cause of action, in whatever form it may take during the course of litigation, and follows the proceeds, wherever they may be found" (id.).

Verzani admitted, in his counsel's affirmation on the motion to renew and reargue, that a portion of the Papaioannou settlement represents the proceeds of Eleni's personal injury claims. Thus, Laskin is entitled to a charging lien in that amount.

We have considered Verzani's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32316(U).]**