# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1223**
**CA 15-00123**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

TRAVELERS INSURANCE COMPANY, AS SUCCESSOR IN
INTEREST BY MERGER TO GULF INSURANCE COMPANY,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BENDERSON DEVELOPMENT COMPANY, LLC, DANFB, LLC,
BENDERSON DEVELOPMENT COMPANY, INC., BENDERSON
PROPERTIES, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.
(APPEAL NO. 2.)

---

GALBO & ASSOCIATES, BUFFALO (RICHARD A. GALBO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

KATZ & RYCHIK P.C., NEW YORK CITY (ABE M. RYCHIK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 25, 2014. The judgment, among other things, awarded plaintiff the sum of $190,068.79 as against defendant Benderson Development Company, Inc., now known as Benderson Properties, Inc.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking the amount of $190,068.79 from defendants under a policy of insurance provided by plaintiff to defendants. As relevant here, defendants are in the business of owning, leasing, managing, and maintaining commercial properties. For the policy period of March 31, 2003 through March 31, 2004, defendants were covered by an excess commercial general liability insurance policy issued by plaintiff. The policy included a $100,000 Self-Insured Retention (SIR) Endorsement and a $100,000 Insured's Contribution (IC) Endorsement. Before the policy limits would be applied toward any covered event, defendants were obligated to pay $100,000 under each of the endorsements, for a total of $200,000.

In July 2002, defendants retained Lancer Glass Company (Lancer) as a contractor, and defendants were added as an additional insured on a Lancer policy. The Lancer policy provided $1,000,000 in primary coverage as well as additional, excess coverage. In 2003, a Lancer

employee was injured and brought an action against defendants (Lancer litigation), which settled for $1,800,000. Lancer's primary coverage was $1,000,000 and its excess coverage was $400,000. After covering the remaining $400,000, plaintiff demanded that defendants reimburse plaintiff $190,068.79, which represented the $100,000 obligation under each endorsement minus a credit owed to defendants. Defendants refused, contending that the additional insured coverage provided by the Lancer policy satisfied defendants' obligations under the SIR and IC endorsements.

Similarly, in 2003 defendants were an additional insured on a liability insurance policy owned by a tenant in one of defendants' properties, Sally Beauty Systems Group (Sally Beauty). In 2003, a Sally Beauty employee was injured on that property and brought an action against defendants (Sally litigation). That action settled for $1,600,000, and the Sally Beauty policy paid $1,000,000. Plaintiff paid $400,000 of the $600,000 balance, but refused to pay the remaining $200,000, citing defendants' obligations under the endorsements.

Plaintiff commenced this action against defendants for the outstanding $190,068.79 from the Lancer litigation, and defendants counterclaimed for the $200,000 they paid as a result of the Sally litigation. Supreme Court granted plaintiff's motion seeking summary judgment on the amended complaint and summary judgment dismissing the counterclaim. We affirm.

"To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction which can fairly be placed thereon" (*Nancy Rose Stormer, P.C. v County of Oneida*, 66 AD3d 1449, 1450 [internal quotation marks omitted]). Here, plaintiff met that burden. Pursuant to the plain and unambiguous language of the SIR endorsement, defendants agreed "not to insure the 'self-insured retention' without [plaintiff's] knowledge and permission," and plaintiff submitted proof establishing that no such permission was requested. Defendants failed even to contend that permission was granted in regard to either the Lancer or Sally litigation and thus failed to raise a triable issue of fact with respect thereto. Without such permission, the plain terms of the policy prohibit additional insured coverage from satisfying the SIR endorsement. Likewise, pursuant to the plain and unambiguous terms of the IC endorsement, that endorsement, as plainly stated in the policy, applies to the policy limits. Because the policy is an excess rather than a primary insurance policy, the policy limits are not applied until all additional insured coverage has been exhausted. Consequently, any additional insured coverage would necessarily be exhausted before defendants' obligation under the IC endorsement was triggered.

Entered: November 20, 2015

Frances E. Cafarell
Clerk of the Court