■ EVE DEMIAN, Appellant, v STEPHANIE CALMENSON, Respondent. [66 NYS3d 462]—

Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered August 1, 2016, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 14, 2016, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court correctly ruled that plaintiff's claims, brought in 2014, are time-barred. Any claim for breach of contract or breach of the covenant of good faith and fair dealing accrued on the date of the breach—that is, the date the book was published, March 21, 2007 (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402, 403 [1993] [breach of contract and breach of covenant]). Those claims are subject to a six-year statute of limitations, and thus they, along with the claim for an accounting, would need to have been made by March 2013 to have been timely (CPLR 213 [1], [2]).

Plaintiff's claims arising from fraud or negligent misrepresentation would be untimely either under the six-year statute of limitations or the two-year discovery rule, since the latest possible fraud, and its discovery, also occurred upon publication (CPLR 213 [8]). Plaintiff's claims of breach of fiduciary duty and prima facie tort are also untimely, as those claims, both based upon economic loss, are subject to a three-year statute of limitations (*see Susman v Commerzbank Capital Mkts. Corp.*, 95 AD3d 589, 590 [1st Dept 2012], *lv denied* 19 NY3d 810 [2012] [prima facie tort]; *Kaufman v Cohen*, 307 AD2d 113, 118 [1st Dept 2003] [breach of fiduciary duty]).

Further, plaintiff's claims sounding in quasi-contract, for unjust enrichment or quantum meruit, are also untimely as they are subject to a six-year statute of limitations and they accrued upon publication when any alleged benefit could have been conferred by plaintiff (*see* CPLR 213 [1]; *see also Maya NY, LLC v Hagler*, 106 AD3d 583, 585 [1st Dept 2013] [unjust enrichment]; *Eisen v Feder*, 307 AD2d 817, 818 [1st Dept 2003] [quantum meruit]).

Plaintiff's claim that the breach or tort did not occur until 2012, because that was the first time defendant told her that she would not honor any alleged agreement is without merit, since the publication was a prior communication to the same effect. Further, continuing damages did not extend the statutes of limitations (*see Henry v Bank of Am.*, 147 AD3d 599, 601 [1st Dept 2017]).

Given the untimeliness of plaintiff's claims, we do not reach the merit of her claims, or defendant's argument that plaintiff's claims are copyright claims subject to a three-year statute of limitations.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.