23-1178-cv
Nwoye v. Obama

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

IKEMEFUNA STEPHEN NWOYE,

*Plaintiff-Appellant*,

v.                                                                    No. 23-1178-cv

BARACK HUSSEIN OBAMA,
Former President of the United States
of America/Senior Citizen,
MICHELLE LAVAUGHN
ROBINSON OBAMA, Former First
Lady of the United States of
America/Senior Citizen,

*Defendants-Appellees*.

-----------------------------------------------------------------

1

FOR APPELLANT:                                     Ikemefuna Stephen Nwoye,
                                                          *pro se*, Jersey City, NJ

FOR APPELLEES:                                     No appearance

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Ikemefuna Stephen Nwoye, a lawyer proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*) dismissing his claims against former President Barack Obama and former First Lady Michelle Obama and denying him leave to file a second amended complaint.  In March 2022 Nwoye sued the Obamas for breach of contract, unjust enrichment, quantum meruit, and declaratory judgment based on legal and consulting work Nwoye performed through a pro bono externship with the law firm Sidley Austin LLP.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* the District Court's dismissal of Nwoye's complaint and its denial of leave to amend on futility grounds.  *See Empire Merchs., LLC v.*

2

*Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018). Because Nwoye is a lawyer, he is not entitled to the "special solicitude" we afford *pro se* litigants. *See Chevron Corp. v. Donziger*, 990 F.3d 191, 203 (2d Cir. 2021).

Nwoye's argument that the District Court failed to provide sufficient notice before dismissing his complaint is meritless. Nwoye had notice and an opportunity to be heard in response to the District Court's order to show cause, and as the Obamas had not appeared,[1] the District Court was not required to provide them notice before ruling in their favor. *See Snider v. Melindez*, 199 F.3d 108, 112–13 (2d Cir. 1999).

Moving to the merits, the District Court correctly concluded that Nwoye's unjust enrichment and quantum meruit claims are untimely. Under New York law,[2] the statute of limitations for both claims is six years. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013); *Simon v. FrancInvest, S.A.*, 192 A.D.3d 565, 567 (App. Div. 2021). An unjust enrichment claim accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution." *Cohen*, 711 F.3d at 364

---

[1] Nwoye failed to properly serve the Obamas.

[2] New York law applies because this case arises from Nwoye's externship at the Sidley Austin office located in New York. *See GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 383–84 (2d Cir. 2006).

(quotation marks omitted). A quantum meruit claim accrues "immediately" after the plaintiff's services for the defendant have concluded. *Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004); *see Demian v. Calmenson*, 156 A.D.3d 422, 423 (App. Div. 2017). As a result of the COVID-19 pandemic, the statute of limitations was tolled in New York from March 20, 2020 through November 3, 2020, adding an additional 228 days to the limitations period for Nwoye's claims. *See McLaughlin v. Snowlift, Inc.*, 214 A.D.3d 720, 721 (App. Div. 2023). Because Nwoye filed his complaint on March 3, 2022, his claims must have accrued no earlier than July 19, 2015. Nwoye's unjust enrichment claim is premised on his work as an extern for Sidley Austin from October 2013 through May 2014, and Nwoye's quantum meruit claim is premised on conversations he had with a Sidley Austin partner in 2014. We thus conclude that both claims are untimely because they accrued in 2014.

Nor did the District Court err in dismissing Nwoye's breach of contract claim. Nwoye fails to allege that he entered into an agreement with the Obamas, an essential element of a breach of contract claim. *See Donohue v. Hochul*, 32 F.4th 200, 206–07 (2d Cir. 2022). He claims that the Obamas entered into a contract with him through Sidley Austin, but he alleges no facts showing that Sidley

4

Austin had the authority to contract with Nwoye on the Obamas' behalf.

Finally, the District Court did not err in denying Nwoye leave to amend to add breach of contract and equitable estoppel claims against Sidley Austin on the grounds that it would have been futile to do so. In his proposed second amended complaint, Nwoye alleges that he had one "express" and two "oral" agreements with Sidley Austin and further, that he and the law firm entered into a "written contract" under which he made "intellectual contributions for which he has been denied recognition." District Court Docket No. 23, ¶¶ 7, 31. But these allegations alone fail to state a breach of contract claim, and on appeal Nwoye does not identify other facts that could support such a claim. *See Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.*, 93 N.Y.2d 584, 589 (1999) ("To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."); *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004). We thus agree with the District Court that any amendment to add the breach of contract claim would be futile. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014).

We also agree with the District Court that Nwoye's proposed addition of

5

an equitable estoppel claim against Sidley Austin is futile. Nwoye does not allege that Sidley Austin falsely represented or concealed any material facts regarding his externship. Nwoye therefore does not state a claim for equitable estoppel. *See Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 7 N.Y.3d 96, 106–07 (2006) (noting that "evidence that a party was misled by another's conduct" is "an essential element of estoppel" (quotation marks omitted)); *In re Vebeliunas*, 332 F.3d 85, 93–94 (2d Cir. 2003).

Because the dismissal of Nwoye's substantive claims eliminates any "actual controversy" under the Declaratory Judgment Act, *see* 28 U.S.C. § 2201(a); *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023), we also conclude that the District Court did not err in dismissing Nwoye's declaratory judgment claim.

We have considered Nwoye's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6