Frydman v Endurance Am. Ins. Co. (2025 NY Slip Op 00950)

Frydman v Endurance Am. Ins. Co.

2025 NY Slip Op 00950

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-06231
 (Index No. 52957/22)

[*1]Jacob Frydman, respondent, 
v
Endurance American Insurance Co., defendant, Alliant Insurance Services, Inc., appellant.

Gordon & Rees LLP, New York, NY (Mark A. Beckman and Stephanie Imbornone of counsel), for appellant.
Jacobs P.C., New York, NY (Adam B. Sherman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing, the defendant Alliant Insurance Services, Inc., appeals from an order of the Supreme Court, Dutchess County (Thomas R. Davis, J.), dated May 23, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover amounts due and payable under an insurance policy. The plaintiff alleged that the policy was fully paid for, but never delivered to him. The defendant Alliant Insurance Services, Inc. (hereinafter Alliant), is the successor to Crystal & Company, the insurance broker that allegedly was supposed to obtain a policy from the defendant Endurance American Insurance Co. The plaintiff asserted causes of action to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing. Alliant moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing insofar as asserted against it. In an order dated May 23, 2023, the Supreme Court, among other things, denied that branch of Alliant's motion. Alliant appeals.
The Supreme Court properly denied dismissal of the cause of action alleging breach of the implied covenant of good faith and fair dealing insofar as asserted against Alliant pursuant to CPLR 3211(a)(7). The implied covenant of good faith and fair dealing embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract and is breached when a party acts in a manner that deprives the other party of the benefits of the contract (see Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72; Singh v City of New York, 189 AD3d 1697, 1700, affd 40 NY3d 138). "For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff" (Aventine Inv. Mgt. v [*2]Canadian Imperial Bank of Commerce, 265 AD2d 513, 514). Here, the plaintiff alleged facts tending to show that Alliant's predecessor sought to prevent performance of an agreement with the plaintiff or to withhold the benefits of that agreement from the plaintiff.
Furthermore, the Supreme Court properly determined that the cause of action alleging a breach of the implied covenant of good faith and fair dealing was timely insofar as asserted against Alliant. Any claim for breach of contract or breach of the covenant of good faith and fair dealing accrued on the date of the breach (see Demian v Calmenson, 156 AD3d 422, 423). Accepting the allegations in the amended complaint as true, the plaintiff requested a copy of the operative policy by email on October 23, 2016. He alleged that he did not receive a response to that email. The statute of limitations for the breach of the covenant of good faith and fair dealing is six years (see id.; CPLR 213[2]). The plaintiff first asserted its claims against Alliant in September 2022, less than six years after the alleged breach.
Accordingly, the Supreme Court properly denied that branch of Alliant's motion which was pursuant to CPLR 3211(a)(5) and (7) to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing insofar as asserted against it.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court