2001, Inc. v Shaffer Bldg. Servs., Inc. (2025 NY Slip Op 04334)

2001, Inc. v Shaffer Bldg. Servs., Inc.

2025 NY Slip Op 04334

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, DELCONTE, AND HANNAH, JJ.

435 CA 24-00820

[*1]2001, INC., PLAINTIFF-RESPONDENT,
v
SHAFFER BUILDING SERVICES, INC., DEFENDANT-APPELLANT, AND MLT LEASING, LLC, DEFENDANT-RESPONDENT. (ACTION NO. 1.) ————————————————————————— 2001, INC., PLAINTIFF-RESPONDENT, 
 SHAFFER BUILDING SERVICES, INC., DEFENDANT-APPELLANT, AND TDJ PROPERTIES, LLC, DEFENDANT-RESPONDENT. (ACTION NO. 2.) (APPEAL NO. 1.) 

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR DEFENDANT-APPELLANT.
ZISHOLTZ & ZISHOLTZ, LLP, GARDEN CITY (STUART SHALOM ZISHOLTZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
MANNION COPANI, SYRACUSE (LAURIE C. OLIVER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered May 8, 2024. The order, inter alia, granted in part the cross-motions of plaintiff for summary judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: These consolidated appeals arise out of two actions involving separate roofing projects wherein plaintiff supplied commercial roofing materials to defendant Shaffer Building Services, Inc. (Shaffer), a roofing contractor. Plaintiff commenced the first action, asserting a cause of action against Shaffer and defendant MLT Leasing, LLC (MLT) seeking recovery under a mechanic's lien, a cause of action against Shaffer for an account stated, and a cause of action against Shaffer for breach of contract. On the same day, plaintiff commenced a second action, similarly asserting a cause of action against Shaffer and defendant TDJ Properties, LLC (TDJ) seeking recovery under a mechanic's lien, a cause of action against Shaffer for an account stated, and a cause of action against Shaffer for breach of contract.
In appeal No. 1, Shaffer, as limited by its brief, appeals from an order insofar as it granted those parts of plaintiff's cross-motions seeking summary judgment on its breach of contract causes of action, denied those parts of Shaffer's cross-motions seeking summary judgment dismissing plaintiff's breach of contract causes of action, and granted those parts of the motions of MLT and TDJ seeking summary judgment dismissing Shaffer's second cross-claims in its answers, which asserted breach of contract claims against MLT and TDJ. Specifically, the second cross-claim in Shaffer's answer in the second action sought damages for work, labor, materials, and roofing services provided to TDJ. In appeal No. 2, Shaffer appeals from a judgment that, inter alia, awarded plaintiff damages against Shaffer on its breach of contract [*2]cause of action in the first action. In appeal No. 3, Shaffer appeals from a judgment that, inter alia, awarded plaintiff damages against Shaffer on its breach of contract cause of action in the second action.
As a preliminary matter, we conclude that the appeal from the order in appeal No. 1 must be dismissed inasmuch as that intermediate order is subsumed in the final judgments in appeal Nos. 2 and 3. The appeals from the judgments bring up for review the propriety of the order in appeal No. 1 (see Matter of Aho, 39 NY2d 241, 248 [1976]; see also CPLR 5501 [a] [1]).
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent and [t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Donohue v Cuomo, 38 NY3d 1, 12 [2022] [internal quotation marks omitted]). "[A] written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (id. at 13 [internal quotation marks omitted]; see Medlock Crossing Shopping Ctr. Duluth, Ga. L.P. v TT Medlock Crossing, LLC, 210 AD3d 1450, 1451 [4th Dept 2022], lv dismissed in part & denied in part 39 NY3d 1102 [2023]). Whether an agreement is ambiguous is a question of law for the courts to decide (see Donohue, 38 NY3d at 13). "Where the language chosen by the parties has a definite and precise meaning, there is no ambiguity" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009] [internal quotation marks omitted]; see Tallo v Tallo, 120 AD3d 945, 946 [4th Dept 2014]). Ambiguity is determined by looking within the four corners of the document, not to outside sources (see Donohue, 38 NY3d at 12-13). "[E]xtrinsic evidence may not be considered unless the document itself is ambiguous" (Ames v County of Monroe, 162 AD3d 1724, 1726 [4th Dept 2018]).
"To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction which can fairly be placed thereon" (Nancy Rose Stormer, P.C. v County of Oneida, 66 AD3d 1449, 1450 [4th Dept 2009] [internal quotation marks omitted]). We conclude that the invoices from plaintiff to Shaffer were unambiguous and clearly established that the royalty roof design fees were included in the invoices' totals and therefore were not optional. Plaintiff met its initial burden on the parts of its cross-motions seeking summary judgment on its breach of contract causes of action, by submitting the invoices. Shaffer failed to raise a triable issue of fact, as its opposition papers attempted to introduce extrinsic evidence even though the written agreements were complete and unambiguous on their face (see generally Cohn v Titan Drilling Corp., 79 AD3d 925, 926 [2d Dept 2010]). Thus, Supreme Court properly granted those parts of plaintiff's cross-motions (see Nancy Rose Stormer, P.C., 66 AD3d at 1450; Niagara Frontier Tr. Metro Sys. v County of Erie, 212 AD2d 1027, 1027 [4th Dept 1995]; see generally Wilsey v 7203 Rawson Rd., LLC, 204 AD3d 1497, 1499 [4th Dept 2022]). For similar reasons, we conclude that the court properly denied Shaffer's cross-motions to dismiss plaintiff's breach of contract causes of action (cf. Harris v Reagan, 161 AD3d 1346, 1349 [3d Dept 2018]).
We further conclude that the contract between Shaffer and MLT was unambiguous inasmuch as it clearly listed the engineering fee as an optional add-on item, which was not included in the total costs of the roof system. MLT met its burden on that part of its motion seeking summary judgment dismissing Shaffer's breach of contract cross-claim by submitting its contract with Shaffer (see generally Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., L.L.C., 195 AD3d 1375, 1376-1378 [4th Dept 2021], lv dismissed 37 NY3d 1227 [2022]), and Shaffer failed to raise a triable issue of fact (see generally Cohn, 79 AD3d at 926). Therefore, we affirm the judgment in appeal No. 2.
We agree with Shaffer, however, that the court erred with respect to the second action when it granted that portion of TDJ's motion seeking summary judgment dismissing Shaffer's second cross-claim. Initially, we note that the court erred when it determined that there was no contract between Shaffer and TDJ inasmuch as Shaffer's attempts to change the terms of the contract and enforce the engineering fee did not dissolve the agreement that the parties had executed (see Gui's Lbr. & Home Ctr., Inc. v Mader Constr. Co., Inc., 13 AD3d 1096, 1097 [4th Dept 2004], lv dismissed 5 NY3d 842 [2005]).
Even assuming, arguendo, that TDJ met its initial burden on that part of the motion, we conclude that Shaffer raised triable issues of fact whether TDJ owed Shaffer for work, labor, [*3]materials, or roofing services, by submitting the affidavit of Shaffer's owner and its invoices to TDJ (see generally Proline Concrete of WNY, Inc. v G.M. Crisalli & Assoc., Inc., 177 AD3d 1368, 1370 [4th Dept 2019]). Because we cannot determine from the record whether Shaffer is owed for the invoiced work allegedly performed before the contract was terminated, we modify the judgment in appeal No. 3 by denying TDJ's motion in part and reinstating Shaffer's second cross-claim against TDJ and remit this matter to Supreme Court for further proceedings
(see generally F.K. Gailey Co. v Wahl, 262 AD2d 985, 985-986 [4th Dept 1999]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court