■ SHELDON H. SOLOW et al., Respondents, v DOMESTIC STONE ERECTORS, INC., Defendant, and DOMESTIC MARBLE & STONE CORPORATION et al., Appellants. [703 NYS2d 94] —Order, Supreme Court, New York County (Emily Goodman, J.), entered August 6, 1999, which denied defendants-appellants' motion for summary judgment dismissing the complaint against them, unanimously affirmed, with costs.

The corporate defendants mischaracterize the theory of this case, which does not involve traditional veil-piercing to hold

corporate owners, shareholders or other corporations liable for corporate obligations. Instead, as we have held, the theory of this case is that all four defendants should be treated as a single personality by reason of defendant Cohen's use of "his domination and control over all three corporations to transfer assets of the debtor corporation to the other two corporations so as to make the firm incapable of honoring its obligation to plaintiff" (229 AD2d 312, 313). The record sufficiently demonstrates that Cohen dominated and controlled the judgment debtor and the corporate defendants (*see, e.g., Passalacqua Bldrs. v Resnick Developers S.*, 933 F2d 131, 139-141). Further, based on the timing and circumstances of Cohen's decision to wind down the judgment debtor's business, a factual issue exists as to whether that decision was based on a legitimate business judgment, or was designed to achieve the fraudulent purpose of preventing plaintiffs from satisfying their judgment. Should the latter be proved, plaintiffs will have established the requisite grounds for treating all four defendants as a single personality for the purpose of enforcing the judgment (*see, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142; *Solow v Domestic Stone Erectors*, 229 AD2d 312, 313, *supra*). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.