■ SHELDON H. SOLOW et al., Appellants, v DOMESTIC STONE ERECTORS, INC., et al., Respondents. [757 NYS2d 256] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about January 28, 2002, after a nonjury trial, dismissing the complaint, unanimously affirmed, with costs.

On a prior appeal from an order denying defendants' motion for summary judgment, this Court defined the issue to be whether defendant "Cohen's decision to wind down the [defendant] judgment debtor's business * * * was based on a legitimate business judgment, or was designed to achieve the fraudulent purpose of preventing plaintiffs from satisfying their [prospective] judgment" (269 AD2d 199, 200 [2000]). No basis exists to disturb the trial court's finding, based largely on Cohen's credibility, and in many significant respects also strongly supported by the testimony of plaintiffs' own expert, that Cohen's decision was a legitimate business judgment (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). Plaintiffs' argument that Cohen, in an affidavit he submitted in support of a pre-answer motion to dismiss the complaint (*see* 229 AD2d 312 [1996]), admitted that his motivation was to avoid plaintiffs' prospective judgment, and that he therefore should have been estopped at trial from asserting otherwise, effectively negates the issue framed by this Court on the prior appeal, and therefore cannot succeed. In any event, Cohen's affidavit did not say, and was not prepared for the purpose of leading the court to find (*see Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 177 [1998], *lv dismissed* 92 NY2d 962 [1998]), that the prospect of a judgment was Cohen's only motivation for winding down the judgment debtor's business. Rather, the affidavit was prepared simply to set the time of Cohen's decision to wind down, which is not in dispute. That such decision was virtually contemporaneous with the ripening of the dispute between plaintiffs and the

judgment debtor does not necessarily show that the decision was predominantly motivated by the prospect of an adverse judgment, and Cohen's trial testimony gave many credible additional reasons for the decision. Any inconsistencies between Cohen's affidavit and trial testimony merely presented an issue of credibility for the trial court. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Williams, JJ.