■ IMAX CORPORATION, Appellant, v THE ESSEL GROUP, Respondent, and SUBHASH CHANDRA et al., Respondents. [62 NYS3d 107]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about October 9, 2015, which denied the petition for an order pursuant to CPLR 5201 and 5225 (b) directing respondents to deliver funds or property sufficient to satisfy a judgment, unanimously affirmed, with costs.

Petitioner, a Canadian company, seeks to satisfy a judgment entered in its favor against nonparty E-City Entertainment I Pvt. Ltd. with funds or property owned by respondents, whom it identifies as "The Essel Group, an Indian conglomerate that owns and controls E-City, certain companies that are part of the Essel Group, and individuals in control of the Essel Group (referred to in India as 'Promoters')." Petitioner alleges that the Essel Group and the individual respondents collectively perpetrated a fraud against it by fraudulently demerging E-City during the arbitration proceedings that resulted in the judgment and transferring assets out of E-City and into other Essel Group companies, including the corporate respondents, to avoid paying damages.

Initially, petitioner failed to establish that New York courts have personal jurisdiction over the Essel Group and the individual respondents on the basis of a tortious act committed without the state "causing injury to person or property within the state" (CPLR 302 [a] [3]). As the original event that caused the economic injury was the demerger of E-City in India, the situs of the injury is India (*see e.g. Cotia [USA] Ltd. v Lynn Steel Corp.*, 134 AD3d 483, 484 [1st Dept 2015]). Petitioner's executive offices in New York do not alone constitute a sufficient predicate for jurisdiction (*see Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326 [1980]; *Peters v Peters*, 101 AD3d 403, 404 [1st Dept 2012]). Nor does it avail petitioner that respondent Subhash Chandra, chairman of the Essel Group, traveled to New York to negotiate the agreement with petitioner, since the injury petitioner alleges arose not from the breach of the agreement but from the demerger. These facts do not constitute a sufficient start in showing that jurisdiction could exist to justify pretrial jurisdictional disclosure (*see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *SNS Bank v Citibank*, 7 AD3d 352, 354 [1st Dept 2004]).

Additionally, petitioner failed to establish that New York courts have general jurisdiction over respondent Chandra individually pursuant to CPLR 301. New York courts may not exercise general jurisdiction against a defendant under the

United States Constitution or under CPLR 301 unless the defendant is domiciled in the state (*Daimler AG v Bauman*, 571 US —, — 134 S Ct 746, 760-761 [2014]; *Magdalena v Lins*, 123 AD3d 600, 601 [1st Dept 2014]) or in an exceptional case where "an individual's contacts with a forum [are] so extensive as to support general jurisdiction notwithstanding domicile elsewhere" (*Reich v Lopez*, 858 F3d 55, 63 [2d Cir 2017]). In the present case, movant has failed to show either that Chandra was domiciled in New York or that Chandra's contacts with New York were so extensive as to support general jurisdiction. Initially, the purchase of the apartment, even if attributable to him personally, is insufficient to establish that Chandra was domiciled in New York (*see Magdalena v Lins*, 123 AD3d 600, 601 [1st Dept 2014]; *see also Chen v Guo Liang Lu*, 144 AD3d 735, 737 [2d Dept 2016]). Further, the evidence submitted by petitioner demonstrates that Chandra's business activities in New York were undertaken on behalf of a corporate entity (*see Laufer v Ostrow*, 55 NY2d 305, 313 [1982]). No pretrial jurisdictional disclosure is warranted.

To the extent respondents concede that New York courts may exercise general jurisdiction over respondent Asia TV USA, Ltd. ("Asia TV"), petitioner argues that it can recover against Asia TV as well as the other respondents on the ground that respondents should be treated as a "single personality" for purposes of enforcing the judgment against E-City. However, the evidence does not show that the individual Essel Group promoters used their "domination and control over [E-City] to transfer assets of [E-City] to [Asia TV] so as to make [E-City] incapable of honoring its obligation to [petitioner]" (*Solow v Domestic Stone Erectors*, 269 AD2d 199, 200 [1st Dept 2000]; *see e.g. Winchester Global Trust Co. Ltd. v Donovan*, 22 Misc 3d 1119[A], 2009 NY Slip Op 50190[U] [Sup Ct, Nassau County 2009]). Rather, the argument that Asia TV should be treated as a "single personality" with the other companies is without basis as it is undisputed that Asia TV was not in existence at the time E-City was demerged and thus, there is no evidence that any assets were ever transferred from E-City to Asia TV so as to make E-City incapable of honoring its obligations to petitioner. For the same reason, there is no basis for issuing a turnover order against Asia TV as there is no evidence that any assets of E-City were ever transferred to Asia TV (*see* CPLR 5225 [b]; *Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55 [2013]). No pretrial jurisdictional disclosure is warranted. Concur—Richter, J.P., Gische, Kahn and Kern, JJ.