| |
|---|
| **Grosso v Cy Twombly Found.** |
| 2024 NY Slip Op 31905(U) |
| June 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155762/2022 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

PIER FRANCO GROSSO,

Plaintiff,

- v -

CY TWOMBLY FOUNDATION, DAVID BAUM, and
NICOLA DEL ROSCIO,

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155762/2022 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 11, 12, 13, 14, 15, 16, 17, 29, 40, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 79, 85, 92, 93, 94
were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 18, 19, 20, 21, 22, 30, 41, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 80, 86, 90, 91, 95
were read on this motion to/for                    DISMISSAL                    .

In motion sequence number 002, defendants Cy Twombly Foundation and David R. Baum move pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint in its entirety.  In motion sequence number 003, defendant Nicola Del Roscio moves pursuant to CPLR 3211 (a) (8) to dismiss the complaint against him in its entirety, but if the court finds it has jurisdiction over Del Roscio, he also asks to join motion 002.

**Background**

The following facts are taken from the complaint and are accepted as true for the purposes of these motions to dismiss.

Plaintiff Pier Franco Grosso inherited several of the late artist Cy Twombly's works from his father, Francesco Grosso including the Work which is the subject of this

**155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**
**Motion No.  002 003**

**Page 1 of 23**

action. (NYSCEF 38[1], Complaint ¶¶ 17-21.) Plaintiff was a friend of Cy Twombly (Artist) who died in 2011. (*Id.* ¶¶ 3, 23.) Defendant Cy Twombly Foundation is a private foundation formed in 2005 with the aim of fostering the study and preservation of Cy Twombly's works. (*Id.* ¶ 5; NYSCEF 90, Grosso's Memo of Law [mot. seq. no. 003] at 6.)

In 2011, the defendant Foundation confirmed[2] in writing (signed by the Foundation's President defendant Del Roscio) "that the Work would be included in a publication intended to be part of a comprehensive catalogue of the Artist's works of art (the "Catalogue Raisonné")." (NYSCEF 38, Complaint ¶ 7.) The Foundation or Del Roscio did not request an opportunity to view the Work prior to providing the Authentication. (*Id.* ¶ 28.) They also did not indicate that the Artist had any issues with the authenticity of the Work. (*Id.* ¶ 30.) Based on the information in its possession, plaintiff believes that at the time the Authentication was provided in 2011, the Foundation and Del Roscio did not have any written procedures for communicating information about the Catalogue Raisonné with owners of artworks attributed to the Artist and did not require "those seeking information about the inclusion of a work in a Catalogue Raisonné to sign a written agreement with the Foundation or anyone else." (*Id.* ¶¶ 31-32.) The Catalogue Raisonné was published in 2013 without including the Work. (NYSCEF 69, Baum's September 17, 2021 Email at pdf pg. 3.)

---

[1] Since the summons and complaint filed as NYSCEF 1 is redacted, the court refers to the complaint as NYSCEF 38, which is sealed but unredacted.

[2] Plaintiff refers to this writing as an 'authentication' as according to plaintiff in confirming that the Work would be included in the Catalogue Raisonné, the Foundation effectively authenticated the Work. (NYSCEF 38, Complaint ¶ 7.)

Plaintiff consigned the Work to Phillips Auctioneers LLC (Phillips) and received a $ 1.5 million advance against proceeds from Phillips pursuant to written agreements. (NYSCEF 38, Complaint ¶ 62.) In January 2019, Phillips and plaintiff signed an addendum to the Agreement reaffirming the terms of the sale and recording the accrual of interest as of January 2019. (*Id.* ¶ 66.) Phillips scheduled the Work for sale at an auction in 2019 and contacted the Foundation about the Work prior to the sale. (*Id.* ¶¶ 67-68.)

Plaintiff alleges that defendants made false statements to Phillips about the Work and plaintiff. (*Id.* ¶ 71.) Plaintiff eventually discovered[3] that defendants Del Roscio and the Foundation communicated to Phillips through defendant Baum that "there was "no doubt" that the Work was a fake and Grosso was aware of this fact when he consigned the Work to Phillips." (*Id.* ¶ 6.) Defendant Baum also informed Phillips that "the Foundation had been shown this work before, and that there is a specific reason why the work is not in the catalogue raisonné." (NYSCEF 16, Dolan's email dated July 8, 2019.) Defendant Baum was deposed during the Phillips Action wherein he asserted that "Cy Twombly himself declared the work to be fake." (NYSCEF 17, Baum Deposition Tr 190:8-12.) Plaintiff alleges that the Foundation claimed that the Work is a fake because a 'Gian Piero Grosso' believed to be plaintiff's father, submitted the Work for authentication (Submission) through a Vienna gallery and the Artist reviewed the Work and declared it to be inauthentic. (NYSCEF 38, Complaint ¶ 15.) The Foundation

---

[3] Plaintiff only became aware of the nature of Baum's communications with Phillips during discovery in the action filed by Phillips against plaintiff. (*Phillips Auctioneers LLC v Pier Franco Grosso*, Index No. 651782/2020) (Phillips Action) (NYSCEF 38, Complaint ¶ 11.)

[* 3]

also had in its possession an envelope[4] (in which the Submission was kept) which had the handwritten inscription "falso dice Cy" which translates in English to "false says Cy". (*Id.* ¶ 15; NYSCEF 69, Baum's September 17, 2021 Email.) The Foundation believed this to be proof that Cy Twombly himself reviewed[5] the Submission and declared the Work to be inauthentic. (NYSCEF 69, Baum's September 17, 2021 Email.)

Plaintiff challenges these claims and alleges that the Foundation's statements to Phillips were demonstrably false because 'Gian Piero Grosso' was not plaintiff's father, the handwriting on the envelope is of an unknown person and not the Artist and the Artist saw the Work in-person at Grosso's residence and never communicated that the Work is a fake or in any indicated that he was not the creator of the Work. (NYSCEF 38, Complaint ¶¶ 22, 25-26, 48.)

Plaintiff alleges that through their actions and false statements, defendants "intended to convince Phillips that the Work was not authentic, sought to impermissibly interfere with Mr. Grosso's business relationship and Agreement with Phillips and induced Phillips into withdrawing the Work from sale." (*Id.* ¶ 72.) Plaintiff further contends that defendants procured a criminal record evidencing a conviction of a 'Pier Franco Grosso' in Italy and shared it with Phillips[6] claiming it to be a criminal record for Grosso. (*Id.* ¶¶ 50-55.)

---

[4] These documents were produced by the Foundation in response to subpoenas issued by Grosso in the Phillips Action. (NYSCEF 69, Baum's September 17, 2021 Email.)
[5] The Foundation also claims that the Artist inscribed a photograph of the Work with the words "FAKE Cy" and this photograph has since gone missing coincident with a break-in at the Foundation's offices. (NYSCEF 38, Complaint ¶ 15; NYSCEF 69, Baum's September 17, 2021 Email.)
[6] The record was shared with both Phillips and counsel for Grosso in response to subpoenas issued in the Phillips Action. (NYSCEF 71, Baum's September 21, 2021 Email.)

**155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**          **Page 4 of 23**
**Motion No.  002 003**

4 of 23

Plaintiff claims that due to defendants' false statements and actions, the Work was not sold and plaintiff in March 2020 was publicly branded as having owned and fraudulently consigned a fake artwork to Phillips. (*Id.* ¶ 73.) Phillips eventually also filed a complaint against plaintiff entitled *Phillips Auctioneers LLC v Pier Franco Grosso*, Index No. 651782/2020 (Phillips Action) alleging among other things, breach of contract and fraud arising out of plaintiff's consignment of the Work to Phillips. (*Id.* ¶ 3.)

Plaintiff filed this action against defendants on July 11, 2022, alleging the following causes of action: (i) Tortious interference with business relationships (Count I); (ii) defamation (Count II); (iii) prima facie tort (Count III); (iv) fraud (Count IV); (v) Injurious Falsehood (Count V); (vi) Product Disparagement (Count VI); and (vii) Negligent Misrepresentation (against the Foundation in the alternative) (Count VII). (*Id.*)

## DISCUSSION

### Legal Standard

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (*Leon v Martinez*, 84 NY2d 83, 87-88[1994] [citation omitted].)

To prevail on a CPLR 3211(a)(1) motion to dismiss, the movant has the "burden of showing that the relied-upon documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." (*Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [1st Dept 2002] [internal quotation marks and citation omitted].) "A cause of action may be dismissed under CPLR 3211 (a)(1) only where the documentary evidence utterly refutes [the] plaintiff's factual allegations,

155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No.  002 003

Page 5 of 23

conclusively establishing a defense as a matter of law." (*Art and Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014] [internal quotation marks and citation omitted].) For evidence to be considered documentary, it "must be unambiguous and of undisputed authenticity." (*Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2nd Dept 2010].) Affidavits and deposition testimony do not constitute "the type of documentary evidence that may be considered on a motion pursuant to CPLR 3211 (a) (1)." (*Correa v Orient-Express Hotels, Inc.*, 84 AD3d 651, 651 [1st Dept 2011] [citations omitted].)

"On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant must establish, *prima facie*, that the time within which to sue has expired. Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period." (*Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP*, 188 AD3d 530, 531 [1st Dept 2020] [citations omitted].)

CPLR 3211 (a) (8) authorizes dismissal of "one or more causes of action asserted ... on the ground that ... the court has not jurisdiction of the person of the defendant." "On a motion pursuant to CPLR 3211 (a) (8) to dismiss for lack of personal jurisdiction, the party asserting jurisdiction has the burden of demonstrating 'satisfaction of statutory and due process prerequisites.'" (*Matter of James v iFinex Inc.*, 185 AD3d 22, 28-29 [1st Dept 2020] [citation omitted].) A plaintiff meets this burden by presenting

155762/2022  GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No. 002 003

Page 6 of 23

affidavits and relevant documents. (*See Coast to Coast Energy, Inc. v Gasarch*, 149 AD3d 485, 486 [1st Dept 2017].)

**Mot. Seq. No. 003**

**Personal Jurisdiction**

New York courts may exercise general jurisdiction over a defendant under the United States Constitution or under CPLR 301 if the defendant is domiciled in the state or has "continuous and systematic" contacts with New York which are substantial enough to render the defendant at home in New York. (*Daimler AG v Bauman*, 571 U.S. 117, 126, 134, 139; *IMAX Corp. v Essel Group*, 154 AD3d 464, 465-466 [1st Dept 2017].) Activities undertaken by an individual defendant in the state on behalf of a corporate entity do not confer personal jurisdiction over the individual defendant. (*IMAX Corp.*, 154 AD3d at 466 [internal citation omitted].)

Courts may also exercise jurisdiction over a non-domiciliary if it has long-arm jurisdiction over the defendant under CPLR 302 and the exercise of such jurisdiction comports with due process. (*D & R Glob. Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d 292 [2017].)

In mot. seq. no. 003, defendant Del Roscio moves pursuant to CPLR 3211 (a) (8) to dismiss the compliant against him for lack of personal jurisdiction. Del Roscio, an Italian citizen and resident, contends that the court does not have general jurisdiction over him because he is not domiciled in New York and does not have "continuous and systematic contacts with New York sufficient to render him essentially at home in New York." (NYSCEF 19, Del Roscio's Memo of Law at 6.) Del Roscio further contends that

**155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**
**Motion No.  002 003**

**Page 7 of 23**

7 of 23

the court also does not have specific jurisdiction over him under CPLR 302 as the only interaction alleged between him and plaintiff occurred in Italy over a decade ago. (*Id.*)

General Jurisdiction

Roscio disputes the assertion in the complaint[7] that "on information and belief, Defendant Nicola Del Roscio is an individual who has a residence and a workplace in the State and County of New York." (*Id.* at 7.) He claims that he resides and works in Italy and does not regularly conduct business on behalf of the Foundation in New York. (NYSCEF 22, Del Roscio aff ¶¶ 2-6.) He claims that he has not conducted any personal or non-Foundation business in New York. (*Id.* ¶ 6.)

Plaintiff contends that the Foundation's general presence in the forum is sufficient to confer general jurisdiction over Del Roscio. (NYSCEF 90, Grosso's Memo of Law [mot. seq. 003] at 11.) Plaintiff relies on the alter-ego theory to contend that "where a court has personal jurisdiction over a defendant, the court also has jurisdiction over the defendant's alter ego, and such jurisdiction over the alter ego does not offend due process." *(Id.)* Plaintiff also contends that Del Roscio is estopped from claiming that he is not domiciled in Italy because he "holds himself as residing in New York for tax purposes." *(Id.* at 13.)[8]

Del Roscio is not domiciled in New York and does not have continuous or systematic contacts with New York which would render him at home in New York. He

---

[7] Plaintiff further contends in the complaint that Roscio's address is listed as "19 East 82nd Street, New York, NY 10028 on the Foundation's most recent tax filing." (NYSCEF 38, Complaint ¶ 59.)

[8] The Foundation's most recent tax filing (Form 990) lists the defendant Del Roscio's address as "19 East 82nd Street, New York, NY 10028 which is the Foundation's New York address. (NYSCEF 38, Complaint ¶¶ 57, 59.)

**155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**                                **Page 8 of 23**
**Motion No.  002 003**

[* 8]

does not regularly conduct business on behalf of the Foundation from New York and in any event, activities undertaken on behalf of the Foundation would not confer personal jurisdiction over Del Roscio. Plaintiff's contention that this court acquires general jurisdiction over Del Roscio by virtue of the Foundation's general presence in New York is contrary to prevailing law. (*See IMAX Corp.*, 154 AD3d at 466 [internal citation omitted].

The court also rejects plaintiff's reliance on an alter-ego theory. A corporate veil will be pierced to exercise jurisdiction over an alter-ego if there is complete domination to commit fraud or a wrong against plaintiff. (*Matter of Morris v New York State Dept. of Taxation and Fin.*, 82 NY2d 135 [1993]

> "Factors to be considered include the disregard of corporate formalities; inadequate capitalization; intermingling of funds; overlap in ownership, officers, directors and personnel; common office space or telephone numbers; the degree of discretion demonstrated by the allegedly dominated corporation; whether dealings between the entities are at arm's length; whether the corporations are treated as independent profit centers; and the payment or guaranty of the corporation's debts by the dominating entity. No one factor is dispositive."

(*Fantazia Intern. Corp. v CPL Furs New York, Inc.*, 67 AD3d 511, 512 [1st Dept 2009].) None of these factors exist here. Plaintiff's conclusory assertions that Del Roscio is the "key decision maker", "an integral part of the day-to-day activities of the Foundation", "the primary individual associated with the Foundation or Artist who provides information about whether an artwork attributed to the Artist will be included in any of the Artist's catalogues raisonné" (NYSCEF 90, Grosso's Memo of Law [mot. seq. 003] at 12) do not provide a sufficient basis for this court to find that Del Roscio is the Foundation's alter-ego. Further, plaintiff has failed to allege much less demonstrate that Del Roscio used the Foundation's corporate form to perpetuate fraud on plaintiff. Plaintiff's reliance on

the Foundation's Form 990 tax filing to allege "judicial estoppel" is misconceived. Del Roscio putting down a New York address at which he can be contacted[9] is not tantamount to him claiming a New York residence. Del Roscio is correct in contending that "the form lists the same address for all of the Foundation's officers, so it clearly is not Del Roscio's residence" (NYSCEF 19, Del Roscio's Memo of Law [September 16, 2022] at 10, fn 3) and was likely the only New York address he could provide, being an Italian resident.

The court finds that it does not have general jurisdiction over Del Roscio.

Specific Jurisdiction

The defendant Del Roscio contends that the court does not have specific jurisdiction over him under CPLR 302 (a) as the acts in the complaint attributed to Del Roscio all occurred outside of New York. In the complaint, plaintiff alleges that Del Roscio on behalf of the Foundation agreed in writing to include the Work in the Catalogue Raisonné (NYSCEF 38, Complaint ¶ 7) and at some point "Roscio grew hostile to Mr. Grosso and eventually stopped communicating with Mr. Grosso altogether." (*Id.* ¶ 42.) Del Roscio explains in his affidavit that he had signed the back of a photograph of the Work (which plaintiff refers to as the signed writing in ¶ 7 of the complaint) during a meeting with plaintiff which took place in Rome, Italy (NYSCEF 22,

---

[9] According to Del Roscio, "The IRS website makes clear that corporate officers do not have to put their home address on Form 990". *See* Exempt Organizations Annual Reporting Requirements - Form 990, Parts I-V: Home Addresses Need Not Be Reported. The IRS website states that an organization may list business addresses at which these persons can be contacted, rather than their home address." (NYSCEF 95, Del Roscio's Memo of Law [November 21, 2022] at 12; NYSCEF 19, Del Roscio's Memo of Law [September 16, 2022] at 10, fn 3.)

Roscio aff ¶ 7) and he last visited New York in 2020 for purposes wholly unrelated to plaintiff, the Work, or the issues in dispute in this litigation. (*Id.* ¶ 8.)

Plaintiff contends that "CPLR 302 (a) (1) does not require that every element of the cause of action pleaded must be related to the New York contacts; rather, where at least one element arises from the New York contacts, the relationship between the business transaction and the claim asserted supports specific jurisdiction under the statute." (NYSCEF 90, Grosso's Memo of Law [mot. seq. 003] at 14.) Plaintiff also contends that the court can find specific jurisdiction over Del Roscio because he repeatedly projected himself into the jurisdiction (via telephone or email) through Baum. (*Id.* at 15-16.) Plaintiff also claims that personal jurisdiction can be exercised over Del Roscio under CPL 302 (a) (3) because he spread falsehoods (through Baum) to Phillips about plaintiff and the Work and facilitated the procurement and distribution of the False Criminal Record to further defame plaintiff. (*Id.* at 16-18.) In the alternative, Grosso requests leave to replead his allegations and conduct jurisdictional discovery. (*Id.* at 19.)

For a court to exercise jurisdiction under CPLR 302 (a) (1), the "attachment to New York must be (1) purposeful; and (2) there must be a substantial relationship between the New York transaction of business and the claim asserted." (*Silverman v Minify, LLC*, 2016 NY Slip Op 30046 [U] *5 [Sup Ct, NY Cty 2016].) "Purposeful activities are defined as those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (*C. Mahendra (N.Y), LLC v Nat'l Gold & Diamond Ctr., Inc.*, 125 AD3d 454, 457 [1st Dept 2015] [internal quotations and citations omitted]). A court can exercise jurisdiction even in the absence of physical presence if

**155762/2022  GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**
**Motion No.  002 003**

Page 11 of 23

11 of 23

the "the defendant on his [or her] own initiative . . . project[s] himself [or herself] into this state to engage in a sustained and substantial transaction of business." (*Silverman*, 2016 NY Slip Op 30046 [U] *, 8 [internal quotations and citations omitted]).

The court does not have jurisdiction over Del Roscio under CPLR 302 (a) (1) because the Authentication which is the only act by Del Roscio which has a substantial relationship with the claims in this action was performed in Italy. Grosso's argument that Del Roscio projected himself into the State through telephone calls and emails with Baum and other employees of the Foundation is similarly unavailing. "To establish that a defendant acted through an agent, a plaintiff must convince the court that [the New York actors] engaged in purposeful activities in this State in relation to [the] transaction for the benefit of and with the knowledge and consent of [the defendant] and that [the defendant] exercised some control over [the New York actors]." (*Coast to Coast Energy, Inc. v Gasarch*, 149 AD3d 485, 486-487 [1st Dept 2017] [internal quotation marks and citation omitted].) Grosso has failed to proffer specific facts to show that Del Roscio exercised control over Baum in relation to the specific matter in question. Conclusory assertions about telephone calls and emails between Del Roscio and Baum are insufficient to make such a showing.

A court may exercise personal jurisdiction under CPLR 302 (a) (3) if a defendant commits a tortious act outside the state which causes injury to person or property in the state, other than a cause of action for defamation of character arising from the act, if he "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have

**155762/2022 GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**
**Motion No. 002 003**

**Page 12 of 23**

consequences in the state and derives substantial revenue from interstate or international commerce."

The acts attributed to Del Roscio by Grosso are expressly excluded as a basis of jurisdiction under CPLR 302 (a) (3). In any event, Grosso also fails to satisfy the other requirements for the application of CPLR 302 (a) (3). Del Roscio does not regularly conduct business or solicit business (on his own account) or derive substantial revenue from good used or consumed or services rendered in New York. Del Roscio's business contacts with New York are limited to his role as the President of the Foundation.

The court holds that it does not have personal specific jurisdiction over Del Roscio under CPLR 302 (a).

The court rejects Grosso's request to replead his allegations for the reasons stated above. The court also rejects Grosso's request to conduct jurisdictional discovery as Grosso has failed to make a sufficient start to establish that Del Roscio was engaged in purposeful activity in New York State such that jurisdictional discovery should be ordered. (*See Mannooch v Avon Prods., Inc.,* 2023 NY Slip Op 33355[U] * (Sup Ct, NY Cty) [the court declined to order jurisdictional discovery as plaintiff "failed to make a sufficient start to establish that defendant was engaged in purposeful activity in New York State such that jurisdictional discovery should be ordered"].)

**Mot. Seq. No. 002**

In mot. seq. no. 002, defendants Cy Twombly Foundation and Baum (Movants) seek a dismissal of the complaint pursuant to CPLR 3211 (a) (1), (5) and (7).

155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No.  002 003

Page 13 of 23

Grosso's Fraud (Count IV) and Negligent Misrepresentation (Count VII) Claims

The Movants assert that Grosso's fraud and negligent misrepresentation claims, premised on Del Roscio's alleged 2011 promise that the Work would appear in the Catalogue Raisonné, are time-barred. (NYSCEF 12, Movants' Memo of Law [September 16, 2022] at 14.) According to the Movants, Grosso's fraud and negligent misrepresentation claims accrued in 2013 when the Catalogue Raisonné was published without the inclusion of the Work, nine years before Grosso initiated this action and are now beyond the period of limitations. (*Id.* at 15.)

On the contrary, Grosso contends that his fraud and negligent misrepresentation claims are timely because the 2013 publication of the Catalogue Raisonné did not put him on inquiry notice because he believed that the Catalogue Raisonné could be supplemented in the future. (NYSCEF 93, Grosso's Memo of Law [mot. seq. no. 002] at 12-13.) Grosso claims that the catalogue raisonnés for Twombly have been supplemented in the past and it was his understanding that the 2013 Catalogue Raisonné would be supplemented in the future to include the Work. (*Id.* at 15.) In the alternative, Grosso claims that he only discovered during the discovery in the Phillips Action that defendants had informed Phillips that they "believed in 2011 that the Artwork was inauthentic." (*Id.* at 23.) Therefore, Grosso claims that his fraud claim is timely because he only discovered the fraud regarding the certification of the Work during the Philips Action. (*Id.*)

An action based upon fraud [or negligent misrepresentation] must be commenced within the greater of six years from the date of the fraud [or misrepresentation] or within two years from the time plaintiffs discovered, or with

reasonable diligence, could have discovered the fraud [or misrepresentation]. (*MBI Intern. Holdings Inc. v Barclays Bank PLC*, 151 AD3d 108, 114 [1st Dept 2017], lv denied, 31 NY3d 902 [2018]; *Demian v Calmenson*, 156 AD3d 422, 423 [1st Dept 2017] [fraud and negligent misrepresentation].) Grosso does not and cannot contest the Movants' assertion that its fraud and negligent misrepresentation claims are subject to the greater of the six-year limitation or the two-year discovery rule. (NYSCEF 93, Grosso's Memo of Law [mot. seq. no. 002] at 23.) Grosso also does not contest the fact that it knew that the Catalogue Raisonné was published in 2013 without including the Work.

Even if Grosso believed that the Catalogue Raisonné could be supplemented in due course, it was incumbent upon him to exercise reasonable diligence and inquire of the Foundation when the Catalogue Raisonné would be supplemented to include the Work. (*See MBI Intern. Holdings Inc.*, 151 AD3d T 117 [internal citation and quotation omitted] ["[W]here the circumstances are such as to suggest to a person of ordinary intelligence the probability that he [or she] has been defrauded, a duty of inquiry arises, and if he [or she] . . . shuts his [or her] eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him [or her]"].) Despite his knowledge of the significance of being included in a Catalogue Raisonné for an artwork's authenticity and consequently marketability, Grosso made no effort to contact the Foundation and inquire about the inclusion of the Work in any forthcoming of Twombly's forthcoming catalogue raisonnés. Grosso'S alternate argument that he only discovered the fraud regarding the Authentication during the discovery in the Phillips Action is also without merit as actual knowledge of fraud is not required to trigger the limitation period and

155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No.  002 003

Page 15 of 23

15 of 23

such period began to run from the time Grosso could have with reasonable diligence discovered the fraud or misrepresentation.

The court finds that Grosso was on inquiry notice in 2013 when the Catalogue Raisonné was published without inclusion of the Work and his fraud and negligent misrepresentation claims are time-barred. The court does not address the Movants arguments on dismissal of the fraud and negligent misrepresentation claims pursuant to 3211 (a) (1) and (7) since the court has already determined that these claims are untimely.

Tortious Interference with Business Relationships (Count I)

Grosso contends that its tortious interference claim arose in 2019 when the "defendants first communicated to Phillips that there was no doubt that the Artwork was fake, and that Grosso knew it." (NYSCEF 93, Grosso's Memo of Law [mot. seq. no. 002] at 14-15.)

The Movants contend that Grosso's tortious interference claim is subject to a three-year statue of limitations and is time-barred as it accrued in 2013 when the Catalogue Raisonné was published without including the Work. (NYSCEF 12, Movants' Memo of Law [September 16, 2022] at 18.) Relying on *Thome v Alexander & Louisa Calder Foundation*, 70 AD3d 88, 108 [1st Dept] [2009]), Movants contend that a tortious interference claim arising out of a foundation's refusal to include a work in a catalogue raisonné accuses when the catalogue raisonné is published even if the claim is based entirely on the assertion that defendants' action (or inaction) has a negative effect on subsequent contractual relationships. (NYSCEF 12, Movants' Memo of Law [September 16, 2022] at 19; NYSCEF 94, Movants' Memo of Law [November 21, 2022]

155762/2022  GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No.  002 003

Page 16 of 23

[* 16]

at 13-14.) The Movants further contend that Grosso's tortious interference claim is time-barred even if it accrued in 2019 when defendants made the alleged statements to Phillips as a tortious interference claims based on alleged defamation is subject to a one-year statute of limitations. (NYSCEF 94, Movants' Memo of Law [November 21, 2022] at 14.)

For a tortious interference claim, the time to file begins to run when the "defendant performs the action (or inaction) that constitutes the alleged interference. It does not commence anew each time plaintiff is unable to enter into a contract, unless the defendant takes some further step." (*Thome*, 70 AD3d 88, 108.) The First Department in *Thome* dismissed plaintiff's tortious inference claim for being time-barred as the claim accrued when the "Foundation failed to issue the numbers for the catalogue raisonné, thus purportedly injuring plaintiff in his ability to sell the Work." (*Id.*) Grosso's claim for tortious interference arises out of the Foundation's failure to include the Work in the Catalogue Raisonné which impaired Grosso's ability to sell the Work to Phillips. The claim first accrued in 2013 when the Catalogue Raisonné was published without including the Work. The claim did not commence anew when Grosso was unable to sell the Work to Phillips; however, the claim did commence anew in 2019 when defendants [Foundation and Baum] allegedly communicated to Phillips that they believed that Work was fake. Movants' reliance on *Thome* to contend that the cause of action for tortious inference accrues when the catalogue raisonné is published is unavailing as unlike defendants in *Thome*, defendants here did take "some further step." The tortious interference claim accruing in 2019 is premised on defendants' [Foundation and Baum] alleged defamatory statements to Phillips and is subject to a one-year

**155762/2022 GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**
**Motion No. 002 003**

**Page 17 of 23**

17 of 23

[* 17]

statute of limitations. (CPLR 215 (3).) As Grosso has asserted this claim in 2022, well beyond the one-year period prescribed by the statute of limitations, it too is barred. Accordingly, the court does not address Movants' arguments seeking its dismissal pursuant to 3211 (a) (1) and (7).

Prima Facie Tort (Count III)

Grosso alleges a prima facie tort claim based on the Foundation acting with "disinterested malevolence and with the sole intent to inflict harm on Mr. Grosso" in "(a) not including the Work in the Catalogue Raisonné, and (b) obtaining and distributing the False Criminal Record." (NYSCEF 38, Complaint ¶ 99.) The Movants contend that prima facie tort claim accrued in 2013 when the Catalogue Raisonné was published and expired in 2016 as prima facie tort claims are subject to a three-year statute of limitations that runs from the date of the alleged tort and are not subject to the discovery rule. (NYSCEF 12, Movants' Memo of Law [September 16, 2022] at 18.) The claim is dismissed in the absence of opposition to defendants' statute of limitations argument.

Injurious Falsehood (Count V)

The Movants contend that Grosso has not adequately pled his injurious falsehood claim against the Foundation and Baum. (NYSCEF 12, Movants' Memo of Law [September 16, 2022] at 21.) The Movants contend that Grosso has failed to allege the particular falsehoods uttered by defendants and has only proffered vague allegations that the "Defendants made statements to Phillips that led Phillips to wrongly conclude that the Work is a fake, and which undermined Mr. Grosso's probity, without specifying what was said, when, by and to whom." (*Id.*) To the extent that Grosso's claim for injurious falsehood is based on Baum's July 2019 conversation with Phillips,

**155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**
**Motion No.  002 003**

**Page 18 of 23**

18 of 23

[* 18]

the Movants contend that this statement is not actionable as Baum had good reason to believe the truth. (*Id.*) Further, Movants contend these communications do not give rise to individual liability against Baum as he was acting solely within the scope of his role as a lawyer for the Foundation when making these statements. (*Id.* at 22.)

"The elements of a cause of action for injurious falsehood are (1) a false and misleading statement harmful to the interests of another, (2) uttered or published maliciously and with intent to harm another, or done recklessly and without regard to its consequences, and (3) a reasonably prudent person would or should anticipate that damage to another would naturally flow therefrom. In addition, the injured party must plead with specificity that it suffered special damages as a result of the false and disparaging statement." (*Fulton Quality Foods LLC v Arcon Constr. Group Inc.*, 2014 NY Slip Op 31618[U] * [Sup Ct, NY Cty].) [internal citation and quotation marks omitted].) An injurious falsehood claim must "specify with particularity the alleged falsehood uttered." (*See BCRE 230 Riverside LLC v Fuchs*, 59 AD3d 282, 283 [1st Dept 2009] [internal citation and quotation marks omitted].)

The court finds that Grosso has failed to plead with particularity the alleged falsehood uttered by defendants. To the extent that the claim for injurious falsehood is based on Baum's 2019 conversation with Phillips, the defendant and Baum had good reason to believe that the statements were true and such communication would therefore not be actionable. (*See Id.* [the court found a failure to plead injurious falsehood as the "plaintiff's representatives had good reason to believe" in the truth of the statement in issue].) Further, Grosso has also failed to plead with particularity the

155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No.  002 003

Page 19 of 23

special damages incurred as a result of the alleged falsehood. Grosso's injurious falsehood claim is dismissed.

Product Disparagement (Count VI)

The Movants contend that Grosso's product disparagement claim is subject to a one-year period of limitations and is time barred. (NYSCEF 12, Movants' Memo of Law [September 16, 2022] at 18.) Grosso does not dispute the Movants' argument that the claim for product disparagement is time-barred.

Claims for product disparagement are subject to a one-year statute of limitations. (CPLR 215 [3].) Grosso's claim for product disparagement is based on Baum's 2019 communication to Phillips. (NYSCEF 38, Complaint ¶¶ 127-132.) This claim is time-barred and is dismissed pursuant to CPLR 3211 (a) (5).

Defamation (Count II)

Grosso's claim for defamation is based on the (i) Foundation's communication (through defendant Baum) to Phillips on September 21, 2021 sharing a criminal record which the Foundation believed to be relating to Grosso; and (ii) Baum's deposition testimony in the Phillips Action where he described Grosso as "someone who is fraudulently peddling works," "a dishonest person", "a fraud", and "a criminal". (NYSCEF 38, Complaint ¶¶ 77-86.)

The Movants move to dismiss Grosso's defamation claim because the claim is barred by absolute litigation privilege as it is based on allegedly defamatory statements made or produced during non-party discovery in the Phillips Action. (NYSCEF 12, Movants' Memo of Law [September 16, 2022] at 23.) The Movants also claim that Grosso has failed to plead a cause of action for its defamation claim as the allegedly

155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No. 002 003

Page 20 of 23

defamatory statements in question were not statements of fact. (NYSCEF 94, Movants' Memo of Law [November 21, 2022] at 19.)

Grosso contends that defendants cannot claim immunity from liability for defamation because the defamatory statements in question were not 'material and pertinent to the questions involved' and would not be subject to the absolute litigation privilege. (NYSCEF 93, Grosso's Memo of Law [mot. seq. no. 002] at 21.)

"Absolute immunity from liability for defamation exists for oral and written statements made....in connection with a proceeding before a court when such words are material and pertinent to the questions involved. The litigation privilege, being absolute, confers immunity from liability regardless of motive." (*Gottwald v Sebert*, 40 NY3d 240, 253.) [internal quotation marks and citation omitted].)

The defamatory statements in question were made in a deposition and in response to a subpoena request and are evidently statements made in connection with a legal proceeding (the Philips Action). Grosso alleges that the statements concerning him were "out of context" and not material and pertinent to the questions involved. The Phillips action involves claims of breach of contract and fraud arising out of Grosso's consignment of the Work. According to plaintiff, Phillips publicly branded him as having owned and fraudulently consigned a fake artwork." (NYSCEF 38, Complaint ¶ 73.) Therefore, (1) the authenticity of the Work, (2) whether Grosso was aware that it was a fake, (3) defendants' reasons for believing that the Work was fake, and (4) Grosso knowingly assigned the purportedly fake Work to Phillips were all issues material and pertinent to the Phillips Action. Defendants' statements about Grosso were therefore

**155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL**          **Page 21 of 23**
**Motion No.  002 003**

21 of 23

pertinent and material to the Phillips Action and protected by the absolute litigation privilege.

In any event, the defamatory statements identified by Grosso convey an opinion and are not statements of fact. A statement of "pure opinion" cannot form the basis for a defamation claim. (*See Davis v Boeheim*, 24 NY3d 262, 269 ["A defamatory statement of fact is in contrast to "pure opinion" which under our laws is not actionable because [e]xpressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation"] [internal citation and quotation marks omitted].)

Grosso's claim for defamation is dismissed pursuant to CPLR 3211 (a) (1) and (7).

Accordingly, it is

ORDERED that defendants Foundation and Baum's motion to dismiss the complaint is granted; and it is further

ORDERD that defendant Del Roscio's motion to dismiss the complaint is granted; and it is further

ORDERED that the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk and the clerk is directed to enter judgment accordingly; and it is further

155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No.  002 003

Page 22 of 23

ORDERED that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

20240602134109AMASLEY25FBBBE8A32643C4AD710E3D7D5FEA36

| 6/2/2024 | | | | | |
|----------|---|---|---|---|---|
| **DATE** | | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | ☐ | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

155762/2022   GROSSO, PIER FRANCO vs. CY TWOMBLY FOUNDATION ET AL
Motion No.  002 003

Page 23 of 23

23 of 23