| |
|---|
| **Port Auth. of N.Y. & N.J. v Khalil** |
| 2024 NY Slip Op 33668(U) |
| October 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450492/2024 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. NICHOLAS W. MOYNE**                    PART          **41M**

*Justice*

-------------------------------------------------------------------X

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                      Plaintiff,

             - v -

SALLAH KHALIL, WELLS FARGO

                  Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 450492/2024 |
| **MOTION DATE** | 02/05/2024 |
| **MOTION SEQ. NO.** | 001 |

**ORDER AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for          TURNOVER PROCEEDING          .

Upon the foregoing documents, it is

Petitioner, Port Authority of New York and New Jersey ("PANYNJ"), commenced this special proceeding, pursuant to CPLR §§ 5225 and/or 5227, seeking an order directing the garnishee and respondent, Wells Fargo Bank N.A. s/h/a Wells Fargo, to turn over funds held in the restrained account of respondent and judgment debtor, Sallah Khalil, to satisfy a judgment in the amount of $2,932.41, which was rendered in petitioner's favor and against Khalil on default, in the Civil Court of the City of New York, County of New York on November 13, 2019.

Respondent, Wells Fargo, has indicated it takes no position concerning the petitioner's entitlement to the relief sought in the petition, however, requests that its obligation be limited to the turnover of funds, if any, on deposit at the time PANYNJ as creditor, serves any order (NYSCEF Doc. No. 17). Additionally, respondent judgment-debtor Khalil, filed two applications for adjournment, via Affidavits of Self-Represented Person, and the time to file opposition papers was extended until April 15, 2024, and the return date until May 1, 2024 (NYSCEF Doc. No. 18; 19; 20). However, to date, the respondent judgment debtor has failed to file any

opposition to the petition and therefore, for the reasons set forth below, the application is granted.

PANYNJ has demonstrated sufficient and proper service on both the respondent garnishee, Wells Fargo, and respondent judgment debtor Khalil, in accordance with the statutory directive of CPLR § 5225(b) (NYSCEF Doc. No. 12; 15; 16). Additionally, although the judgment debtor resides in New Jersey, petitioner has established personal jurisdiction as the judgment debtor failed to pay the required tolls for use of PANYNJ's facilities in violation of applicable statues, including NY Public Authorities Law § 2985, NY Unconsolidated Laws § 6802, and NJ Stat. § 32:1-154.2, the underlying judgment was sought and rendered in the City of New York, and Wells Fargo conducts business in the City and State of New York (*see* CPLR 302; *IMAX Corp. v The Essel Group,* 154 AD3d 464, 465 [1st Dept 2017]; *CDR Creances S.A.S. v First Hotels & Resorts Investments, Inc.,* 140 AD3d 558, 562 [1st Dept 2016]).

On February 2, 2023, PANYNJ served an Information Subpoena with Restraining Notice on the respondent garnishee Wells Fargo, to which Wells Fargo provided responses (NYSCEF Doc. No. 6). In their answer, Wells Fargo raised that, pursuant to CPLR § 5222, the subject restraint has expired and at present, there are no restraints in place in connection with the underlying judgment in this action. Under CPLR § 5222(b), a restraining notice served upon a person other than the judgment debtor or obligor is effective at the time of service if the judgment creditor has stated that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served, and such is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event

450492/2024 **PORT AUTHORITY OF NEW YORK AND NEW JERSEY vs. KHALIL, SALLAH ET AL**
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

first occurs. Wells Fargo asserts that the Restraining Notice in this action, dated February 2, 2023, and allegedly received on February 8, 2023, therefore expired on February 8, 2024.

A special proceeding for a turnover order is the procedural device provided by article 52 for enforcement of a judgment against an asset of the judgment debtor, or property in which the judgment debtor has an interest, in the possession or custody of a third party (*JPMorgan Chase Bank, N.A. v Motorola, Inc.*, 47 AD3d 293, 301 [1st Dept 2007]). No dispute has been raised as to whether the account(s) in question is subject to enforcement, is in the possession or custody of third-party Wells Fargo, nor that the petitioner's first Restraining Notice was validly served and sufficiently complied with (*see Id.*). However, as this first Restraining Notice has expired, and petitioner has not sought leave to serve a subsequent restraining notice, there is no longer a restraint in place regarding the underlying judgment at issue (*see* CPLR 5222[c]). Therefore, Wells Fargo's request that their obligation to turnover be limited to the amount on deposit at the time this order has been served upon it, is granted (*see* CPLR 5209).

Accordingly, it is hereby

ADJUDGED and ORDERED that the petition is GRANTED, and it is further

ADJUDGED and ORDERED that the respondent-garnishee, Wells Fargo Bank N.A. s/h/a Wells Fargo, with an address of 180 Madison Avenue, New York, NY 10016 is directed, upon receipt of a certified copy of this order and judgment, to turn over to the petitioner, Port Authority of New York and New Jersey, with an address of 4 World Trade Center, 150 Greenwich Street, 24th Floor, New York, NY 10006, funds, which are herein limited to the amount on deposit in the account at the time of service of this order, in the account of respondent judgment debtor, Sallah Khalil, held in said Bank, up to a maximum amount of $2,932.41, plus interest at the statutory rate of _____ % from the date of November 13, 2019, as computed by the Clerk in the amount of $

**450492/2024  PORT AUTHORITY OF NEW YORK AND NEW JERSEY vs. KHALIL, SALLAH ET AL**                                                                 **Page 3 of 4**
**Motion No.  001**

3 of 4

[* 3]

_____ , but not to exceed the amount of the debt owed, and that petitioner have execution thereof; and it is further

ADJUDGED and ORDERED that upon such turn-over of funds as limited above, the respondent Wells Fargo Bank N.A. s/h/a Wells Fargo shall be discharged of all liability to respondent Sallah Khalil with respect to said funds to the extent of payment made as herein provided.

This constitutes the decision and order of the court.

10/10/2024
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**450492/2024   PORT AUTHORITY OF NEW YORK AND NEW JERSEY vs. KHALIL, SALLAH ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4